[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2006
THOMAS K. KAHN
CLERK

No. 05-14355
Non-Argument Calendar

_____

D. C. Docket No. 05-01219-CV-T-17-EAJ

LEONARD FRANCIS INCORVAIA,

Plaintiff-Appellant,

versus

HELEN CLAUDETTE INCORVAIA,
now known as Shafe,
C. JEFF SMITH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 4, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonard Francis Incorvaia ("Incorvaia"), a citizen of Florida,[1] filed a pro se complaint, naming as defendants Helen Incorvaia ("Helen") and C. Jeff Smith and alleging state law claims of fraudulent conveyance in connection with divorce proceedings and the distribution of marital assets.[2] As the basis for federal jurisdiction, Incorvaia alleged that the parties were diverse because Helen was a citizen of Florida and Smith was a citizen of North Carolina, and the amount in controversy exceeded $75,000.

The district court dismissed the complaint because the parties were not completely diverse, as Helen and Incorvaia both were citizens of Florida.

On appeal, Incorvaia puts forth facts not submitted before the district court as evidence of the fraudulent conveyance. He alleges that the court had jurisdiction under federal civil RICO statutes, which would preempt state jurisdiction over his claims.

We review rulings on the subject-matter jurisdiction de novo. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). Factual findings regarding the citizenship of a party are subject to a clearly erroneous standard of review. Id.

---

[1] Incorvaia did not identify himself as a citizen of Florida. However, the address given on his pleadings was a Florida address.

[2] See e.g., Stock v. Stock, 693 So.2d 1080, 1084 (Fla. Ct. App. 1997) (discussing fraudulent conveyance).

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the Supreme Court has explained, the statute requires complete diversity between all plaintiffs and all defendants. Lincoln Property Co. v. Roche, – S.Ct. –, 2005 WL 3158018, at *5 (2005); Exxon Mobile Corp. v. Allapattah Serv., Inc., – U.S.–, 125 S.Ct. 2611, 2616-17, 162 L.Ed.2d 502 (2005); MacGinnitie, 420 F.3d at 1239. Therefore, "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobile Corp., 125 S.Ct. at 2617.

Here, the complaint indicates that Incorvaia and Helen are both citizens of Florida. Therefore, Incorvaia failed to establish that the parties were completely diverse as required under § 1332(a). As Incorvaia raised only state law claims,[3] there is no other basis for federal jurisdiction. See, e.g., 28 U.S.C. § 1331. Accordingly, we **AFFIRM.**

---

[3] Incorvaia also claimed the parties violated civil RICO statutes; however, he cited the federal criminal statute. To the extent that Incorvaia alleges RICO violations, he cannot raise these claims for the first time on appeal. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Nevertheless, the claims lack merit, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973).